IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STEFANO D'ANGOLA

    Plaintiff

vs.                                    07-CIV-60864-COHN
                                        MAGISTRAGE JUDGE SNOW

GOBUCKS, INC. d/b/a
CORAL SPRINGS MOVING & STORAGE

    Defendant
_____/

## RESPONSE TO MOTION TO DISMISS

    Plaintiff, STEFANO D'ANGOLA, ("D'ANGOLA) by and through his undersigned counsel, files this as its response to Defendants Motion to Dismiss Counts I and II of the Amended Complaint and in response to defendants Motion to Strike plaintiff's claim to attorney fees under Count III and states further as follows:

1.    Defendant has moved to dismiss Counts I and II of the Amended Complaint upon the grounds that they are completely preempted by the Carmack Amendment. Counts I and II are clearly state law claims and defendant is correct that the Carmack Amendment completely preempts all state law causes of action. Hoskins v. Van Lines, 343 F. 3d 769 (5th Cir. 2003).[1] However, this may not be a Carmack claim.

---

[1] This case was removed by defendant claiming that the Amended Complaint triggered removal authority. However, plaintiff has moved to remand back to the 17th Judicial Circuit upon the grounds that under the complete pre-emotion doctrine, this case was always removable regardless of whether a Carmack claim was plead or not and that the time to remove expired several months ago. Alternatively, remand is proper if this is not a Carmack case or if there is any doubt as to whether this is a Carmack case.

1

2.       Defendant asserts that "it is apparent that this action arises out of a contract entered into between CORAL SPRINGS and Plaintiff, for the interstate shipment of his personal property from Florida to either New York or Massachusetts." <u>That is simply incorrect</u>.  No contract for the movement of the property to either New York or Massachusetts was ever entered into between the parties. As set forth in paragraph 3 of the Amended Complaint states:

> 3.       On or about August 13, 2002, Plaintiff engaged defendant to make a local move of its household goods from his apartment in Miami and to transport same to a storage facility in Broward County pending further instructions as to whether they were to be moved onwards to either New York, New York or to Boston, Massachusetts.

3.       No bill of lading indicating any **interstate** destination was ever completed by the defendant and the property remained in Broward County from the date of pick up to the present date. No delivery address was ever provided to the defendant and none was listed on the bill of lading and the bill of lading does not describe itself as an "interstate bill of lading".

4.       The plaintiff elected not to further move his goods with the defendant and arranged for them to be picked up from the storage facility in Broward.  Defendant refused to release the goods demanding additional payments for the storage of the property in Broward County.

5.       Since the documents covering an interstate move were never completed and since an interstate destination was never contracted for and since no interstate move actually took place it is doubtful that this is a Carmack case. Research has disclosed no case that would render this case based on these facts a Carmack case. No such case has been mentioned by defendant either.

6.       In paragraph 23 of its Motion to Dismiss, defendant self-servingly excuses its obligation to comply with the Carmack Amendment provisions relying on the fact that a final destination was never specified. Clearly, this either was or was not a Carmack case. If it was a Carmack

case, then there is no excuse for not complying with the Carmack requirements. If it was not a Carmack case then the remedy rests upon the state law claims.

7.  The cases appended by defendant as "Composite Exhibit A"[2] involve cases where an interstate move actually took place. For example, in <u>Turner v. Wheeler's Moving</u>, (98Civ-6151), the goods moved from Chicago, Illinois to Boca Raton, Florida and in <u>Hochbert, v. Mayflower</u>, (97Civ-8618) the goods moved from West Orange, New Jersey to Boca Raton, Florida. In the case at bar, the household goods moved from Miami, Florida to Coral Springs, Florida. **Hence, this might not be a Carmack case.** Nor is this a case where the move was a diversion from the contracted for move. If that was the case, then this would still be a Carmack case. This was a case where the defendant was to be advised of the ultimate destination as clearly the bill of lading states "w/a" for "will advise" and that destination could have been instate, out of state or as was the actual case- no where.

8.  In the case of <u>Kalman v. Morris-North American, Inc.</u>, 531 So.2d 394, (Fla. 3d DCA 1988) the state court recognized that there were in fact two separate contracts at issue, one for storage of goods in transit which would fall under the Carmack Amendment and the other for permanent storage which falls under state law. That situation appears to very close to the facts of the case at bar.

## MOTON TO STRIKE CLAIM FOR ATTORNEY FEES

9.  Defendants also seeks to strike plaintiff's claim for attorney fees. Plaintiff seeks these fees under Count III on the basis of 49. U.S.C. 14708(d), if this is in fact a Carmack case. 49 U.S.C. 14708(d) actually states:

---

[2] The case of Home Insurance v. United Van Lines, 89 Civ-2519, is too old to find the pleadings on line, but it states defendants are alleged to have transported sculptures by artist Michael Shreck from New York to Hollywood, Florida."

3

> ATTTORNEY'S FEES TO SHIPPERS.-In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of Chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if—
> (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
> (2) the shipper prevails in such court action; and
> (3)(A) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
> (B) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period of performance under such decision has elapsed.

10   This is the only basis under which plaintiff seeks fees in Count III. All of defendants citations to authority are totally inapplicable to claims involving a carrier of household goods.

11.   Moreover, defendant has argued that the plaintiff has not satisfied the basis for an award of fees under 49 U.S.C. 14708(d) stating said fees can be awarded "only when specific conditions are satisfied". However, this is not a motion for summary judgment it is a motion to dismiss and defendant's motion to strike is ill founded. See, <u>All in the Family Moving & Storage, Inc. v Latka</u>, 935 So.2d 87 (Fla. 1st DCA 2006): "We believe that the issues of fee entitlement is controlled by Ward v. Allied Van Lines, Inc., 231 F. 3d 135 (4th Cir. 2000). In Ward, the court held that because the carrier failed to inform the shippers of the availability of arbitration (and the shippers were, therefore, unaware of that right), the fee provisions of the statute were triggered".

12.   Interestingly, defendant's argument in paragraph 22 of the Motion to Dismiss/Strike, asserts in essence that this might not be a Carmack case "[B]ecause Plaintiff failed to eventually advise CORAL SPRINGS as to where he wanted the goods delivered, the obligation to provide the information contemplated by 49 U. S. C. § 14708 was never triggered and accordingly, any such claim is premature, at best." The logic is that because the goods did not move in interstate

4

transport, the household goods carrier was relieved of its obligation to comply with the statutory requirements of the Carmack Amendment. If that is so, then consequently, the state causes of action stand.

13. Plaintiff is well aware that this case must either stand upon its state counts or the Carmack Count. These are simply alternate theories of liability. However, it is too early to determine which way the case will go and it is likely that the court will have to rule on the issues at the appropriate time.

WHEREFORE, it is respectfully requested that the Defendants' Motion to Dismiss and its Motion to Strike the claim for attorneys' fees both be dismissed.

/s/ Mitchell L. Shadowitz
MITCHELL L. SHADOWITZ, ESQ.
FLA. BAR. NO. 0899682
SHADOWITZ ASSOCIATES, P.A.
551 NW 77th Street, Suite 102
Boca Raton, FL 33487
Tel: 561-241-6740; Fax: 561-241-6741
Email: chatdo8@aol.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STEFANO D'ANGOLA

    Plaintiff

vs.                               07-CIV-60864-COHN
                                   MAGISTRAGE JUDGE SNOW

GOBUCKS, INC. d/b/a
CORAL SPRINGS MOVING & STORAGE

    Defendant
_____/

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 2, 2007 I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

                              s/Mitchell L. Shadowitz
                              MITCHELL L. SHADOWITZ

**SERVICE LIST**

HEIDI M. ROTH, P.A.
Attorneys for Defendant
2600 Douglas Road, Suite 501
Coral Gables, FL 33134
Tel:305-445-8840   Fax:305-446-7566

HEIDI M. ROTH, ESQ.
FLA. BAR NO. 356034
Email: heidirothpa@aol.com