IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:07-60864 CIV-COHN
MAGISTRATE JUDGE SNOW

STEFANO D'ANGOLA

       Plaintiff,

vs.

GOBUCKS, INC. d/b/a
CORAL SPRINGS MOVING & STORAGE

       Defendant.

_____/

## DEFENDANT'S REPLY MEMORANDUM OF
## LAW IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE

Defendant, GOBUCKS, INC. d/b/a CORAL SPRINGS MOVING & STORAGE., ("CORAL SPRINGS"), by and through its undersigned counsel, files herewith its Reply Memorandum of Law in Support of Motion to Dismiss and Motion to Strike, in accordance with Rule 7.1.C., S.D.Fla.L.R., and states:

### BACKGROUND

1.      Plaintiff filed his initial Complaint on our about March 9, 2007, asserting two (2) separate counts arising under state law, both of which were predicated upon local and/or intrastate moving and storage services[1].

---

[1] This is evidenced by the specific statutes cited by Plaintiff, including the Florida Moving Services Act, Florida Statute Chapter 507, which by its very language, applies solely to intrastate moves.

CASE NO.:07-60864 CIV-COHN
Page -2-

2. On our about June 13, 2007, Plaintiff filed an Amended Complaint, wherein he added a third count, setting fourth a claim for relief under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706.

3. Plaintiff has acknowledged in his recent filings that the Amended Complaint is the first pleading asserting ATTORNEYS AT LAW a claim for relief based upon the interstate nature of his shipment.

4. Notwithstanding the foregoing, Plaintiff now questions the applicability of the Carmack Amendment, when in fact he was the party who first interjected that statute into this proceeding by amending his Complaint to specifically assert an additional count, seeking damages under the Carmack Amendment.

5. By way of the Amended Complaint, Plaintiff has alleged **for the first time** that he is seeking damages under the Carmack Amendment, thereby clarifying and confirming his intention to enter into an interstate transportation contract, and not a local storage contract as previously alleged.

6. By way of the allegations in the Amended Complaint, Plaintiff clarified that the initial storage of his shipment constitutes the storage of property prior to the interstate transportation of said property, which is referred to as storage-in-transit (SIT), as that term is used in 49 C.F.R. § 375.609.

7. Notwithstanding the foregoing, Plaintiff attempts to analogize the facts of this case to those in ***Kalman v. Morris-North American, Inc.***, 531 So.2d 394 (Fla. 3 DCA 1988). However, a careful review of the ***Kalman*** decision reveals a primary factor distinguishing that case from the

case at bar. Specifically, in the *Kalman* case, the storage-in-transit (SIT), was deemed to have been converted to permanent storage because a subsequent and separate contract was issued for the storage of the claimant's goods. There is no such separate contract in this particular matter, nor any document that served to convert the interstate nature of the shipment from storage-in-transit (SIT) to permanent local storage.

8. Even though Plaintiff acknowledges that the Amended Complaint was the first pleading wherein he sought damages under the Carmack Amendment based upon the interstate nature of his shipment, he now attempts to argue that the Carmack Amendment does not apply because the goods never left the State of Florida.

9. At the outset, it should be noted that any such argument is totally inconsistent with the very pleadings filed by Plaintiff.

10. Furthermore, the character of the shipment as intrastate or interstate is determined by the intent of the parties at the time the transportation is commenced. See for example, *Murray v. Briggs*, 569 So. 2d. 476 (Fla. 5th DCA 1990). In this particular matter, the newly added claim in the Amended Complaint served to confirm and/or clarify the intent of the parties with regard to the subject shipment upon which this action is based, as being interstate in nature.

11. The fact that the shipment had not yet left the State of Florida is irrelevant for purposes of establishing the nature of the shipment. As noted above, the nature of the shipment is determined at the commencement of the transportation. Furthermore, a shipment cannot be deemed both intrastate and interstate in nature. See for example, *Fornel v. Florida East Coast Ry. Co.,* 61 So. 194 (Fla. 1913); *Emery Air Freight v. Cornil,* 414 So. 2d 1167 (Fla. 5th DCA 1982).

CASE NO.:07-60864 CIV-COHN
Page -4-

Accordingly, notwithstanding Petitioner's attempt to classify the shipment as intrastate, the interstate nature of the shipment had clearly begun.

12. Accordingly, and contrary to the questions raised in paragraph 7 of Plaintiff's Response, the allegations in his Amended Complaint, together with the document attached thereto demonstrate the intention of the parties to enter into a contract for interstate transportation services, thereby rendering the Carmack Amendment Plaintiff's exclusive remedy.

13. In accordance with the foregoing, together with the authorities cited in CORAL SPRINGS'S Motion to Dismiss and Supporting Memorandum of Law, (as well as the cases cited by Plaintiff in his Response), this action is governed exclusively by the Carmack Amendment to the Interstate Commerce Act and accordingly, the pending Motion to Dismiss should be granted.

## MOTION TO STRIKE ATTORNEY'S FEES

14. Plaintiff attempts to substantiate his claim for attorney's fees by citing to the specific language of the statute in question, that being 49 U.S.C. §14708(d), which is only a portion of the statute in question. Notwithstanding his assertion to the contrary, Plaintiff has still failed to demonstrate an entitlement to fees in accordance with the very language of the statute upon which he relies.

15. Accordingly, CORAL SPRINGS' Motion to Strike Plaintiff's claim for attorney's fees should also be granted.

CASE NO.:07-60864 CIV-COHN
Page -5-

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 13, 2007, the foregoing document has been electronically filed with the Clerk of the Court using CM/ECF. We also certify that a true and correct copy of the foregoing document has been electronically served on **Mitchell L. Shadowitz, Esquire**, Shadowitz Associates, P.A., 551 N.W.77th Street, Suite 102, Boca Raton, FL 33487, at chatdo8@aol.com on this 13th day of July, 2007.

By   s/ HEIDI M. ROTH, ESQUIRE
Florida Bar No. 356034
E-mail address: HeidiRothPA@aol.com
HEIDI M. ROTH, P.A.
Co-Counsel for CORAL SPRINGS
2600 Douglas Road
Suite 501
Coral Gables, Florida 33134
(305)-445-8840 tel
(305)-446-7566 fax

EVELYN MAUREEN MERCHANT
Florida Bar No. 488577
E-mail address: emerchant@berklawfirm.com
BERK, MERCHANT & SIMS, PLC
Co-Counsel for CORAL SPRINGS
2100 Ponce De Leon Blvd.
Penthouse 1
Coral Gables, Florida 33134
(786)-338-2900 tel.
(786)-338-2888 fax